IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID LYNN HATFIELD,                    )
                                        )
               Movant,                  )
v.                                      )        Civil Action No. 5:09-0568
                                        )        Criminal Action No. 5:02-0219
UNITED STATES OF AMERICA,               )
                                        )
               Respondent.              )

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion for Voluntary Dismissal of his Motion for Relief From Judgment (Document No. 247), filed on June 2, 2009.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 246.)

FACTUAL BACKGROUND

Movant was charged in a One-Count Indictment filed on September 6, 2002, with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 5:02-0219, Document No. 1.) On January 8, 2003, Movant filed a Motion to Suppress. (Id., Document No. 21.) By Order entered on April 11, 2003, the District Court granted Movant's Motion to Suppress finding that officers violated Movant's Fourth Amendment rights. (Id., Document No. 39.) The government filed an appeal on May 9, 2003. (Id., Document No. 41.) On April 23, 2004, the Fourth Circuit reversed the District Court's ruling on the motion and held that law enforcement officers did not violate the Fourth Amendment. United States v. Hatfield, 365 F.3d 332 (4th Cir. 2004). On July 29, 2004, a Superceding Indictment was filed charging Movant with two counts of

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1 and 11); two counts of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 2 and 13); one count of possession with intent to distribute Diasepam, aka "Valium", a Schedule IV Controlled Substance, in violation of 21 U.S.C. 841(a)(1) (Count 3); six counts of distribution of oxycodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 7, 8, 10, and 12); two counts of distribution of hydrocodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 6 and 9); and one count of receipt, by a convicted felon, of a firearm that had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(n) and 924(a)(2). (Criminal Action No. 5:02-0219, Document No. 80.) Following a jury trial conducted on December 15 - 21, 2004, Movant was convicted of two counts of possession of a firearm by a felon (Counts 1 and 11), eight counts of distribution of oxycodone and hydrocodone (Counts 4 - 10, 12), and one count of using a firearm during and in relation to a drug trafficking crime (Count 13), in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), and 21 U.S.C. § 841(a)(1). (Id., Document No. 167.) On March 3, 2005, Movant filed a Motion for New Trial. (Id., Document No. 176.) By Order entered on March 11, 2005, the District Court denied Movant's Motion for a New Trial. (Id., Document No. 178.) The District Court sentenced Movant on June 16, 2005, to a total of 138 months of incarceration[2] and a three year term of supervised release. (Id., Document Nos. 185 and 188.) Movant filed a Notice of Appeal on June 24, 2005. (Id., Document No. 190.) In his appeal, Movant argued that (1) counsel was ineffective, (2) the District Court erred in denying his motion for appointment of an expert to review

---

[2]  The District Court sentenced Movant to a total term of 138 months, "consisting of 78 months each on counts one, four, five, six, seven, eight, nine, ten, eleven, and twelve to be served concurrently, and 60 months on count thirteen to be served consecutively to the sentence imposed on the other counts." (Criminal Action No. 5:02-0219, Document No. 188, p. 3.)

audio recordings, (3) the District Court erred in denying his motion to suppress, and (4) the evidence was insufficient to support a conviction for using and carrying a firearm in relation to a drug trafficking crime.

On August 21, 2007, Movant filed a "Motion for Relief from Judgment" pursuant to Rule 60. (Id., Document No. 219.) First, Movant argues that the District Court improperly considered evidence obtained in violation of State v. Mullens, 221 W.Va. 70, 650 S.E.2d. 169 (2007). Movant contends that the government "did not obtain judicial authorization to allow the confidential information to use the electronic surveillance device while inside Mr. Hatfield's home." (Id., p. 4.) Specifically, Movant states that "[i]t would be reasonable for Petitioner to believe at this point, under 3, § 6 of the W. Va. Constitution, as in the opinion of the W. Va. Supreme Court in State v. Mullens, the illegally seized evidence would be suppressed. The instant case would be dismissed." (Id.) Second, Movant argues that the search of his residence was improper and District Court erred in failing to suppress illegally seized evidence. (Id., p. 10.) Finally, Movant claims that the District Court lacked subject matter jurisdiction. (Id., p. 11.) Movant asserts that he "was not under federal investigation, nor were federal agents involved in petitioner's arrest, and thus, would not be prosecuted under color of federal constitution." (Id.) Movant further alleges that "removal of the instant case from state court to federal court because federal question of law arises, in the instant case, federal question did not surface, until after the illegal search warrant was executed by the Wyoming County Sheriff's Department." (Id.)

On September 26, 2008, the Fourth Circuit Court of Appeals determined affirmed in part and reversed in part Movant's conviction in the District Court and remanded. United States v. Hatfield, 294 Fed.Appx. 796 (4th Cir. 2008). Specifically, the Fourth Circuit concluded that in view of Watson v. United States, ___ U.S. ___, 128 S.Ct. 579, 582, 586, 169 L.Ed.2d 472 (2007), there was insufficient evidence to support the jury's verdict that Movant was guilty of using and carrying a

firearm during and in relation to a drug trafficking crime under 19 U.S.C. § 924(c)(1)(A). On November 18, 2008, Movant's sentence was amended to reflect that his conviction as to Count 13 was reversed on appeal. (Criminal Action No. 5:02-0219, Document No. 229). Specifically, the District Court amended Movant's sentence to a total of 78 months of incarceration, "consisting of 78 months each on Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, and 12 to be served concurrently."[3] (Id.)

On October 14, 2008, Movant filed an "Application Under 28 U.S.C. § 2243 for Writ of Habeas Corpus." (Civil Action No. 5:08-1178, Document No.1.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Movant is actually innocent of 18 U.S.C. § 924 as charged in the Indictment;" (2) "Movant's speedy trail rights, 18 U.S.C. § 3161, was violated and case should be dismissed with prejudice;" (3) "Once State case removed by the government the greater protection provided under the Fourth Amendment of the West Virginia Constitution should have been applied to Movant's case;" and (4) "Movant objects to specific offense characteristics used to enhance sentence." (Id.)

On May 20, 2009, the undersigned re-characterized Movant's "Motion for Relief from Judgment" and ordered the Clerk to open a new file indicating Mr. Hatfield as the Movant and the cause of action as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case, which initiated the instant proceeding. (Civil Action No. 09-0568, Document No. 244.) Also on May 20, 2009, the Court notified Movant of its intention to re-characterize his Motion as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 245.) The undersigned directed Movant to inform the Court in writing by June 5, 2009, if he did not wish to have his Motion re-characterized as a motion under Section 2255. (Id.) On June 2, 2009, Movant

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 21, 2008. Petitioner is currently serving his term of supervised release.

responded to the Court's above notice by filing a Motion to Withdraw his "Motion for Relief from Judgment." (Id., Document 247.) Specifically, Movant states as follows: "Comes now Defendant, David Lynn Hatfield, pro se, and moves the Court to withdraw 'Motion for Relief from Judgment' pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Id., Document No. 219)." (Id.)

Also on June 2, 2009, Movant filed a "Notice to Amend § 2241" in Civil Action No. 5:08-01178. (Civil Action No. 5:08-01178, Document No. 5.) Movant requests that his Petition be amended to include the following grounds: (1) Ineffective assistance of counsel; (2) Wrongful imprisonment; (3) Illegal search and seizure; (4) Gun enhancement improperly calculated; (5) Criminal history improperly calculated; and (6) Newly discovered evidence. (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(I) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second

5

lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(I).[4] See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's Motion to Withdraw his Motion for Relief from Judgment (Document No. 247.), **DISMISS** Movant's Motion for Relief from Judgment (Document No. 219.), and remove this case from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

---

[4] Movant appears to have included the claims set forth in his "Motion for Relief" in his "Notice to Amend § 2241" as filed in Civil Action No. 5:08-1178 which remains active.

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 8, 2009.

R. Clarke VanDervort
United States Magistrate Judge